RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 10/19/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISIONS

| | | |
|---|---|---|
| AMERICA FIRST INSURANCE COMPANY | : | DOCKET NO. 2:11-532 |
| VS. | : | JUDGE TRIMBLE |
| BIC CORPORATION AND ABC INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a "Motion for Judgment on the Pleadings Under Federal Rule of Civil Procedure 12(C), or, Alternatively, Motion for Summary Judgment" (R. #11) wherein the defendant, BIC, USA Inc. moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) because plaintiff has failed to state a claim that is plausible on its face, or alternatively, plaintiff moves for summary judgment in its favor under Federal Rule of Civil Procedure 56(c) because there is no genuine issue of fact for trial and defendant is entitled to judgment as a matter of law.

## FACTUAL STATEMENT

On October 27, 2007, property located at 927 Sistrunk Avenue, Units 1 and 2 in Lake Charles, Louisiana was damaged by a fire.[1] America First Insurance Company ("America") is the liability insurer for the owners of the property damaged by fire. America paid the homeowner[2] $83,500 and could potentially be liable for additional sums of money. America is legally subrogated to the rights of the owner and seeks reimbursement for the amounts tendered for the liability and

---

[1] Defendants' exhibit 1, ¶ 2.

[2] The homeowner had leased the property to Amanda Langley.

property damage paid to the homeowner.

In its complaint, plaintiff alleges the fire was started by a child and a cigarette lighter manufactured by BIC USA, Inc. ("BIC"). Plaintiff complains that the property damage was caused by the negligence and fault of the defendants. Ward One Fire Department prepared two fire investigation reports and did not refer to the involvement of a cigarette lighter as the cause or contributing factor of the fire.[3] The initial incident report indicates that the cause of the ignition was undetermined and that human factors did not contribute to ignition.[4] A subsequent incident report prepared by Ward One Fire Department also states that the cause of the ignition was undetermined and that human factors did not contribute to ignition.[5]

Defendant seeks dismissal based on Rule12(c) of the Federal Rules of Civil Procedure (judgment on the pleadings), or alternatively, Rule 56 (motion for summary judgment). A court may review the documents attached to the motion to dismiss where the complaint refers to the documents and they are central to the claim.[6] The exhibits relied upon by defendants are attached to BIC's Answer and Defenses. Thus, defendants assert that it would be appropriate to consider these reports in evaluation of the instant motion for judgment on the pleadings. Alternatively, if evidence outside the pleadings is considered by the court, the motion should be considered as a motion for summary judgment. Because plaintiff has submitted evidence outside of the pleadings, the court finds that it

---

[3] Exhibits A and B attached to Answer and Defenses on behalf of BIC USA, Inc.; Defendants' exhibit 2.

[4] Defendants' exhibit B attached to exhibit 2.

[5] Defendants' exhibit A attached to exhibit 2.

[6] Kane Enterprises v. MacGregor (USA) Inc., 322 F.3d 496 (5th Cir. 2000).

is appropriate to consider this motion as a motion for summary judgment pursuant to Rule 56 of the Federal Rule of Civil Procedure.

## SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[7] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[8]  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[9] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[10] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[11] The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[12] There is no genuine issue of material fact if, viewing the evidence in the light most

---

[7] Fed. R.Civ. P. 56(c).

[8] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[9] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[10] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[11] Anderson, 477 U.S. at 249.

[12] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[13] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[14]

## LAW AND ANALYSIS

Defendants seek dismissal of the instant lawsuit based on the fact that the two fire investigation reports prepared by Ward One Fire Department do not indicate any fault of BIC regarding the fire.[15] Defendants assert neither report indicates or mentions the involvement of a cigarette lighter in the fire. Defendants remark that the reports conclude that the cause of the ignition was undetermined after investigation, and that there were no human factors that contributed to the ignition. Thus, BIC maintains that America First's allegations against BIC are based on mere speculation.

America First maintains that the fire was caused by a child playing with a cigarette lighter in which the safety features failed. America First admits that the Ward One Fire Department was unable to determine the cause of the fire. However, plaintiff submits that its own investigation reveals that the fire was ignited by a three year old child when the BIC lighter ignited a nearby blanket in the bedroom.[16] America First remarks that the lighter is subject to child safety regulations pursuant to 16 CFR 1210; these regulations require that lighters be resistant to successful operation by children younger than five (5) years of age. Plaintiff submits as summary judgment evidence its

---

[13] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[14] Anderson, 477 U.S. at 249-50.

[15] Defendants' exhibit A and B, attached to Exhibit 2.

[16] Plaintiff's exhibit 4, UIS Report, dated October 5, 2007, p. 4. ¶ 3.

4

own independent investigation report which indicates and partially relies upon interviews with residents of the fire damaged property, and the federal regulations governing safety features for lighters.

Plaintiff argues that the investigation reports by the Fire Department and relied upon by BIC revealed that the cause of the ignition was "undetermined." Plaintiff also argues that the portion of the Fire Department's report which noted that the fire was not caused by human factors is meaningless without supporting testimony or documentation. Plaintiff asserts that the report is incomplete in that it fails to indicate the structure type, building status, number of stories above and below grade, total square feet, the story of the origin of the fire, the number of stories damaged, the percentage of damage, and other such items. Thus, plaintiff argues that these omissions leave questions as to the thoroughness of the report, as well as whether other information was omitted and whether this is a final or preliminary report. Plaintiff also notes that its own investigation and interviews with the tenants living at the premises show that the fire was caused by a three (3) year old boy who ignited the fire with defendant's lighter.

Plaintiff complains that BIC has refused to answer certain interrogatories and production of documents, no depositions have yet occurred of any potential witnesses, and plaintiff's experts require information about the lighter inspection that is presently in the exclusive control of the defendant. The court has reviewed the record and notes that a motion to compel was filed by America First against BIC on September 9, 2011 to provide responses to the Interrogatories and Request for Production of Documents.[17] A hearing has been set by Magistrate Kay for November 10, 2011.

---

[17] R. #16.

Plaintiff remarks that BIC has refused to produce the results or a report of its examination of the lighter.[18] Plaintiff further complains that the narrative on the fire reports issued by the Ward One Fire Department is minimal and there are no specific facts underlying or supporting any of the minimal findings of these reports. The reports do not indicate whether the investigation included any interviews or statements of the tenants or other possible witnesses to the fire. Thus, plaintiff asserts that discovery is incomplete at this time and summary judgment is inappropriate. The court agrees that the motion for summary judgment should be denied. Plaintiff has submitted summary judgment evidence to create a genuine issue of material fact for trial as to the cause of the fire's ignition. Furthermore, discovery is in its initial phases and a dispositive ruling on the merits of this case would be inappropriate at this time.

## CONCLUSION

Based on the foregoing and for the reasons given herein, the motion for summary judgment will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of October, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[18] Plaintiff remarks that the fact that BIC has failed to cite the results of its inspection of the lighter in support of its motion for summary judgment would tend to indicate that the results are not favorable to BIC. Plaintiff further remarks that the Consumer Product Safety Commission has investigated the type of lighter at issue for child safety defects, but its efforts to obtain the results have been denied. Plaintiff's exhibit 12.