UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| AMERICA FIRST INSURANCE CO. | : | DOCKET NO. 2:11-CV-532 |
| V. | : | JUDGE TRIMBLE |
| B I C CORP. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Pending before this court is a Motion to Deem Documents Produced are Not Subject to the Court's Protective Order [doc. 34], filed by plaintiff America First Insurance Co.  For the reasons set forth herein, the plaintiff's motion [doc. 34] is **GRANTED**.

*Background*

*1. Protective Order*

A protective order is issued when a party is able to show good cause that a protective order is needed to prevent a specific, credible, potential injury.  *See* FED R. CIV. P. 26(c); *Blanchard & Co. v. Barrick Gold Corp.*, 2004 WL 737485 at *4-6 (E.D. La. 2004).  In this case a stipulated protective order was issued which would protect "all confidential, proprietary, and/or trade secret information supplied by BIC in response to the plaintiffs' demands or requests." Doc. 27, p. 1, ¶1.  The order provides that documents marked "confidential" by BIC are subject to the restrictions on disclosure set forth in the protective order.

Additionally paragraph (2) of the protective order provides plaintiff is to motion the court for an evaluation of a marked document if the plaintiff believes the confidentiality mark is

inappropriate. *Id.* at 1-2. This provision gives rise to the instant motion as America First has challenged BIC's "confidential" designation of the above described documents.

### 2. *The Current Motion*

Plaintiff complains that BIC improperly marked certain documents and they include (1) copies of complaints filed with the Consumer Product Safety Commission since January 2005 concerning BIC lighters and a listing of all suits filed against BIC during that same time period; (2) the results of the visual inspection done by BIC employees of the lighter relating to the incident which is the subject of this lawsuit (report produced as Bates Nos. 000065-00069, and photographs and attachments in conjunction therewith, produced as Bates Nos. 00001-00036); and (3) the identity and policy details of all policies of insurance which may provide BIC coverage for liability resulting from the facts and circumstances that gave rise to this litigation (produced as Bates Nos. BIC-000060-61). *See* doc. 34, p. 4; doc. 52, pp. 2, 5.

Regarding information about other lawsuits and complaints with the Consumer Product Safety Commission, America First suggests that these documents are public records and, as such, should not be protected. *See* doc. 34, p. 4. Next, with respect to the results of the visual inspection of the lighter at issue in this case and the documents prepared by BIC as a result thereof, America First argues that these are documents "clearly prepared by [BIC] to assist in responding to a claim(s) in the ordinary course of business and are therefore discoverable and not subject to protection." *Id.* at 5. Finally, America First requests that BIC's insurance information be deemed not subject to the protective order because such information is not a "trade secret, confidential, or commercially sensitive." *Id.* at 6.

BIC opposes America First's motion. Doc. 52. With respect to documents relating to previous lawsuits and complaints against BIC, it contends that none of the material was

designated confidential and therefore the protective order does not apply. *See id.* With respect to the inspection documents BIC argues that this material is subject to the protective order because it was prepared in anticipation of litigation. *See id.* at 2-4. Similarly, BIC contends that its insurance information, which is of limited relevance in this litigation, should be kept confidential under the protective order. *See id.* at 5.

*Analysis*

Initially, with respect to documents produced by BIC, regarding previous complaints and/or lawsuits, BIC notes that these documents were not marked "confidential" and are not subject to the protective order. The documents were thus needlessly included in America First's motion and this court finds them not subject to protection in this case.

However, BIC does seek protection of its insurance information and the results of its visual inspection of the lighter relating to the incident which is the subject of this lawsuit. BIC designated this material as "COMPANY CONFIDENTIAL" when it produced it to America First. *See* doc. 52, p. 2, 5. America First has challenged this designation because these documents "possess no articulated sensitivity that would require protection." Doc. 34, p. 7. To defeat this challenge, BIC must show why these documents should be included within the scope of the protective order. BIC fails to make such a showing.

With respect to the visual inspection documents, BIC argues that these documents are to be held confidential under the protective order because they were prepared in anticipation of litigation. *See* doc. 52, p. 3-4. This is the only reason given by BIC in support of why these documents should be given protection. *See id.*

In the district judge's memorandum order, dated January 1, 2012, he found that "BIC has failed to prove that the [visual inspection documents were] prepared for and at the direction of an

attorney in preparation for litigation." Doc. 51, p. 4. Therefore, BIC's only argument for protection has already been refuted by the presiding district judge. Additionally, documents prepared for the sole purpose of litigation are not expressly included under the protective order; only documents which contain confidential, proprietary, and/or trade secret information are protected. *See* doc. 27. Simply put: BIC offers nothing to indicate to this court that the visual inspection documents contain information covered by the protective order. For this reason, this court grants plaintiff's motion, and deems the visual inspection documents not subject to the protective order in this case.

Similarly, regarding BIC's insurance information, America First argues that there is no basis for this information to be given protection under the protective order and BIC, again, fails to provide such a basis. In support of designating its insurance information as confidential BIC states that its insurance information is "irrelevant to the issues at bar" and, further, notes that evidence of liability insurance is inadmissible as to fault. *See* doc. 52, p. 5. For these reasons, and because America First "has shown no reason why [BIC's insurance information] should not remain protected within the confines of this litigation[,]" BIC concludes that its insurance information should be subject to the protective order. *Id.*

BIC's argument misses the mark, as it does not suggest why its insurance information falls within the scope of the express terms of the protective order. Again, BIC has <u>failed to make any showing</u> that the information it has designated as "confidential" contains any actual confidential, proprietary, or trade secret information. Therefore, this court is unable to find that such information is subject to the protective order in this case. America First's motion is **granted**.

*Conclusion*

For the reasons discussed herein, it is found America First's Motion to Deem Documents Produced are Not Subject to the Court's Protective Order [doc. 34] is **GRANTED** and the documents describe above are deemed not subject to the protective order in this case.

THUS DONE AND SIGNED in Chambers this 30th day of May, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE